Jesse **RAMIREZ**, Petitioner-Appellant,

v.

**W. J. ESTELLE, Jr.**, and **Mark White**,
Attorney General of Texas,
Respondents-Appellees.

No. 81–1294
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 18, 1982.

Jesse Ramirez, pro se.

Mark White, Atty. Gen., Gerald C. Carruth, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Jesse Ramirez appeals a denial of post-conviction relief under 28 U.S.C. § 2254. Ramirez was convicted in state court of unlawful sale of heroin and then exhausted the available state remedies. We affirm.

■ In seeking habeas corpus relief, Ramirez argues that the state denied him due process by deliberately concealing a material witness, Jimmy Levine. *See Hernandez v. Estelle,* 674 F.2d 313 (5th Cir., 1981). The state replies that Ramirez waived review of his constitutional contention under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Although the Texas Court of Criminal Appeals in its opinion in Ramirez' direct appeal does not specify the state procedural rule violated by Ramirez, from the opinion's language we understand the rule to be Tex. Code Crim.P.Ann. art. 29.06 (Vernon 1966), which requires a defendant to move for a continuance in the event of a missing witness. A proper motion for continuance can provide a basis for a new trial. *Id.* While the record reflects that Ramirez wanted Levine as a witness,[1] the failure by Ramirez to move for a continuance precluded review by the Texas Court of Criminal Appeals of Ramirez' due process claim.

■ In *Sykes,* the Supreme Court stated that a state procedural waiver—there, failure to follow a contemporaneous-objec-

---

1. The following conversation took place in the state court on Ramirez' Motion for Discovery and represents the extent to which Levine's absence was brought to the state court's attention:

    THE COURT: Okay. Do you have any records of convictions in [*sic*] any of the State's witnesses?

    STATE'S ATTORNEY: No. We don't, Your Honor.

    THE COURT: You are fortunate.

    RAMIREZ' ATTORNEY: You don't intend to use Jimmy Levine?

    STATE'S ATTORNEY: No. I don't.

    RAMIREZ' ATTORNEY: If we do find him, do you have any records of any convictions of him?

    STATE'S ATTORNEY: Not that I know of.

    RAMIREZ' ATTORNEY: Well, I'm sorry. I have a subpoena duces tecum for that matter.

    THE COURT: For Jimmy Levine or for the Records?

    RAMIREZ' ATTORNEY: Well, I would like them both, Your Honor.

    THE COURT: I understand he's on vacation.

    STATE'S ATTORNEY: This is not a witness.

    RAMIREZ' ATTORNEY: If they find him, I would like him as a witness. We don't have police records, and that is why we would like them.

    State Court Transcript at 17.

tion rule—bars federal habeas corpus review in the absence of a showing of both the cause for the failure to comply and the prejudice resulting from the waiver. 433 U.S. at 87, 97 S.Ct. at 2506–07. As the rationale for the rule in *Sykes* applies equally to a waiver based upon a failure to move for a continuance, we view art. 29.06 as a type of state procedural rule to which the *Sykes* Court intended federal courts to defer. *But cf. Freeman v. Georgia*, 599 F.2d 65, 71 (5th Cir. 1979) (dictum), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 661, 62 L.Ed.2d 641 (1980). Like the contemporaneous objection, a motion for continuance is of fundamental fact finding importance, contributes to finality, can guide federal habeas review and encourages prosecutorial deliberation. *See Sykes*, 433 U.S. at 88–90, 97 S.Ct. at 2507–08. We are particularly concerned with "sandbagging" on the part of the defense lawyers. A habeas corpus petition provides collateral review only: it is a secondary proceeding. The defendant's belief that a particular witness' testimony is crucial to his case should be brought out at the state trial, giving the state trial court the opportunity to determine the importance of the missing witness. "If a criminal defendant thinks that an action of the state trial court is about to deprive him of a federal constitutional right there is every reason for his following state procedure . . . ." *Id.* at 90, 97 S.Ct. at 2508. Consequently, Ramirez' failure to file an art. 29.-06 motion for continuance precludes habeas corpus relief unless there is good cause for the waiver and prejudice results.

In the instant case, the district court found that the absence of Levine's testimony did not prejudice Ramirez. After reviewing the record, we are not left with a definite and firm conviction that the district court's finding was erroneous. *See* Fed.R.Civ.P. 52(a); *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Ramirez' trial testimony attempted to raise the defense of entrapment. Ramirez says Levine would have repeated Ramirez' own testimony. The state court, however, denied Ramirez' requested entrapment in-

struction, although Ramirez' counsel argued entrapment to the jury. Ramirez never challenged the state court's denial of the entrapment instruction. Thus, even if Levine's testimony would be identical to Ramirez' testimony, without the entrapment instruction Levine's testimony would not have exculpated Ramirez. Accordingly, as Ramirez was not prejudiced by the waiver, we need not consider the other prong— cause for the waiver—of the *Sykes* test. Ramirez waived his constitutional objection.

AFFIRMED.