AUGUSTINE, Judge.
Defendant Leroy Williams was charged by bill of information with distribution of heroin, a violation of LSA-R.S. 40:966(A). Williams was arraigned and pleaded not guilty. Following trial of this matter, a twelve-member jury found the defendant guilty as charged. Williams was sentenced to serve the remainder of his natural life at hard labor without benefit of probation, parole or suspension of sentence. Williams now brings this appeal assigning two errors as grounds for reversal of his conviction.
FIRST ASSIGNMENT OF ERROR
Appellant contends that the trial court erred by not requiring the State to disclose the address of a confidential informant at the beginning of trial. Appellant also ar *277 gues that the court committed error by not allowing him to demand this same information from the prosecutor in front of the jury-
These alleged errors occurred in the following context:
Prior to trial, it was understood by opposing counsel that the State’s case-in-ehief would tell of Williams’ sale of two “bags” of heroin to Agent Audis Wells of the federal Drug Enforcement Agency. The defendant knew, also, that a confidential informant who had been working for August Wells was present when Williams negotiated the sale at the intersection of Bar-onne and Melpomene Streets. Given this information, the defense moved for disclosure of the informant’s name and address under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the leading case concerning disclosure of an informant’s identity.
The trial court found merit in the defendant’s motion and thus ordered the prosecutor to reveal the informant’s name and, if known by the State, the informant’s address. The prosecution subsequently named the informant but answered that it could not disclose his address because that information was not known by the District Attorney’s office. The informant’s address was known, however, to Agent Wells, who would later play a prominent role in the trial of this case.
Despite several further requests by the defense during the weeks before trial, the State did not divulge the C.I.’s address, apparently because the prosecutor in charge of the case did not have this information in his own file. As a consequence, the defense had not yet interviewed the informant as of the morning of trial. Nevertheless, the defendant proceeded to trial without objection. Immediately after the first witness had been sworn, however, defense counsel interrupted the proceedings as though on the verge of requesting a mistrial.
There followed an in camera conference, during which defense counsel formally complained that the State, by failing to reveal the informant’s address, had violated the pre-trial disclosure order. The trial judge explained that his former order required disclosure if the address was known by the State. Again, the prosecutor answered that he had no personal knowledge of the C.I.’s address. Defense counsel then requested permission to bring his demand and the prosecutor’s response into open court, before the jury. The trial judge emphatically denied this request, and advised defense counsel that:
“The D.E.A. agent will be on the stand. You may ask them the name if you would like. If they hesitate to give the address, I will order them to give the address. You’ll have enough time to instanter that subject for trial.” Tr. 21.
Counsel for the defendant objected to the court’s ruling, stating that he should be permitted to make his request before the jury to show that, despite the court’s previous order to disclose, the informant’s address was still unknown to the defense. With that, the in camera conference ended and the trial resumed — without objection by the defendant.
Several witnesses were called by the State, all of whom were law enforcement personnel. Of these, three testified that they personally witnessed the transaction between the defendant and Wells from an unmarked police vehicle parked some distance away. On cross-examination, however, none knew the address of the informant.
Finally, Agent Wells took the stand and testified in detail as to the sale of heroin by Williams. On cross-examination, defense counsel asked Wells for the informant’s address. The agent answered that the address was recorded in a file at his office. Defense counsel then stated before the jury:
I’m going to ask this witness to give me that information for this reason, your honor. I previously filed a pleading in this Court and had a ruling by the Court and I think I’m entitled to get that address so that I can have an instanter *278 subpoena issued immediately for the appearance of this man.
The trial judge granted the request, and, after Wells concluded his testimony, ordered a recess to allow the defense to locate the informant and bring him to court. The C.I. was not to be found at his Gretna, Louisiana home, however, and after a time[1], the trial resumed, again, without objection from the defense. In actuality, there were no further proceedings — the State had rested with the conclusion of Well’s testimony and, following the recess, the defense did not to call any witnesses.
We find nothing in the above-cited facts to warrant reversal of the defendant’s conviction. Assuming, for the sake of argument, that the State did violate the court’s disclosure order by failing to reveal the C.I.’s address prior to trial, the defendant bypassed several avenues of recourse provided by Louisiana Code of Criminal Procedure Art. 729.5(A):
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
Thus, under the above article, the defendant might have made a pre-trial motion for a continuance until the informant’s address was revealed. Instead, the appellant proceeded to trial. He therefore cannot be heard to complain that his inability to interview the C.I. hindered his preparation of the case.
Again, once the trial had begun, the defendant was entitled to a recess to allow the informant to be located and brought to court. This request was made and was granted. When the C.I. could not be found, however, the defendant might have requested a reasonable extension of the recess until the informant could be located; and if after a reasonable extension, the informant still could not be located, the defendant might have aborted the proceedings entirely by requesting a mistrial. Instead, the defendant bypassed all of these remedies and proceeded with the trial to verdict. Given that in every aspect of this ease, defense counsel skillfully applied a thorough knowledge of the law and facts, we must conclude that his decision to proceed with the trial without the informant was a considered choice. Having made this election, the defense thereby waived any later claim of prejudice and cannot seriously assert that the proceedings against him lacked fundamental fairness.
Finally, we find no merit whatsoever to the objection that the court did not allow appellant to demand the C.I.’s address from the prosecution in open court. The trial transcript reveals that appellant did in fact make this demand before the jury during Agent Wells’ testimony, and that the trial court responded by granting a recess.
Accordingly, we hold that the appellant has failed to show reversible error on the grounds alleged in this assignment.
SECOND ASSIGNMENT OF ERROR
Appellant also argues that the trial court committed reversible error in not allowing defense counsel to inquire of Agent Wells how much he had paid the informant over the course of the twelve narcotics cases in which they worked together.
This assignment of error lacks merit. Defense counsel was given wide latitude in questioning the agent about his relationship with the informant, and the defense *279 was permitted to ask how much the informant was paid in this case. Trial judges are vested with great discretion to decide the scope and extent of cross-examination. State v. Coleman, 406 So.2d 563 (La.1981). Regarding the informant’s remuneration, the trial court was within its discretion to allow questioning only as to the case before the court.
ERROR PATENT
With regard to the defendant’s sentence, our independent review of the record for errors patent discloses that Williams was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. However, the applicable sentencing provision, LSA-R.S. 40:966(B)(1), does not authorize the denial of parole, but rather provides that “upon conviction [the defendant] shall be sentenced to life imprisonment at hard labor without benefit of probation, or suspension of sentence, ...”. (Emphasis added). Accordingly, the defendant’s sentence is hereby amended in accordance with the above statute. We find no other errors patent.
For the reasons assigned, the conviction is affirmed and the defendant’s sentence is amended as stated above, and, as amended, is affirmed.
AFFIRMED AND AMENDED.

. Although the record before us does not show a return on the subpoena, defense counsel represented at oral argument (without contradiction by the State) that the informant could not be located at the address supplied by Agent Wells. The record also fails to disclose the length of the recess.