Leroy WILLIAMS, Petitioner-Appellant,

v.

Charles C. FOTI, Jr., et al. Respondent-Appellee.

No. 86–3208
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 3, 1987.

-Gerard H. Schreiber, Slidell, La., for petitioner-appellant.

William A. Marshall, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Leroy Williams appeals the district court's denial of his petition for habeas corpus. 28 U.S.C. § 2254. A Louisiana state jury convicted Williams for heroin distribution, and he is currently a prisoner in Orleans Parish. We affirm the district court's denial of habeas corpus on the grounds of procedural default.

### I.

Williams' conviction stems from his sale of heroin to August Wells, an undercover agent for the federal Drug Enforcement Agency (DEA). Wells was introduced to Williams by a confidential informant. Williams argues that he deserves habeas corpus relief because he was unable to locate the informant. We hold that this claim is procedurally barred because Williams failed to either object or move for a continuance at his state court trial. *Ramirez v. Estelle,* 678 F.2d 604, 606 (5th Cir.1982) (per curiam).

Williams requested that the prosecutor furnish him with the name and address of the confidential informant before trial. In accordance with *Roviaro v. United States,* 353 U.S. 53, 60–62, 77 S.Ct. 623, 627–29, 1 L.Ed.2d 639 (1957), the court ordered the prosecutor to reveal the informant's name and make an effort to furnish his address. The prosecutor disclosed the informant's identity but failed to disclose his address

because the information was not contained in the prosecutor's file.

Although Williams' counsel had not received the informant's address on the morning of trial, the trial commenced without objection. Williams waited until after the first witness was sworn in to complain that he needed the confidential informant's address "so I can subpoena him as a witness." The judge responded by calling an *in camera* conference in which he told Williams' attorney to ask DEA agent Wells for the address during Wells' upcoming testimony. On cross-examination of agent Wells, Williams' attorney asked for the address, and Wells testified that it was located in his file at the DEA office. The court granted a recess to allow Williams' attorney time to use the information to locate the informant and bring him to court.

After a twenty-five minute recess, the trial resumed without objection by Williams' attorney. Williams' attorney did not move for a continuance in order to locate the confidential informant and call him as a witness. The State rested its case after agent Wells testified, and Williams rested his case without calling any witnesses or producing any evidence.

The jury convicted Williams and he was sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence. Williams' conviction was upheld by the Fourth Circuit Court of Appeals of Louisiana. *State v. Williams,* 453 So.2d 276 (La.App.), *cert. denied,* 456 So.2d 1018 (La.1984). Williams' petition for federal habeas corpus was denied by the district court. This appeal followed.

### II.

Williams' habeas petition presents an amalgam of claims relating to the disclosure of the identity of the confidential informant. First, Williams argues that he deserves habeas corpus relief because the prosecutor disobeyed the state trial court's pre-trial disclosure order. Even assuming that the state court's order was disobeyed, we agree with the district court that this does not present an error of constitutional magnitude. Mere errors of state law are

not cognizable on habeas review. *Johnson v. Thigpen,* 806 F.2d 1243, 1248 n. 3 (5th Cir.1986).

Second, Williams argued that he was unable to fully prepare for trial without the confidential informant's address. Although Williams requested this information before trial, he allowed the trial to commence without objection. If Williams needed to locate the informant to prepare for trial, then he should have moved, before trial, for a continuance pursuant to Louisiana Code of Criminal Procedure Article 729.5(A). The failure to contemporaneously move for a continuance is grounds for a procedural default. *Ramirez v. Estelle,* 678 F.2d 604, 606 (5th Cir.1982) (per curiam). Williams' omission precludes relief based on any alleged error of the prosecutor to disclose the informant's name and address before trial.

Finally, Williams argues that he was denied a fundamentally fair trial because he was unable to locate the informant during trial in order to call him as a witness. The court granted Williams' motion for a recess in order to locate the informant. When the informant could not be located during the recess, Williams failed to contemporaneously move for a mistrial or a longer recess. The trial resumed without objection from Williams. Williams' failure to move for a mistrial or a longer recess is grounds for a procedural default. *See Ramirez,* 678 F.2d at 606. "The defendant's belief that a particular witness' testimony is crucial to his case should be brought out at the state trial, giving the state trial court the opportunity to determine the importance of the missing witness." *Ramirez,* 678 F.2d at 606. As in *Ramirez,* if the informant's testimony were truly crucial to Williams' defense, he should have moved for a mistrial or a longer recess.

Because Williams has articulated neither "cause" nor "prejudice" to justify either of the above-mentioned procedural defaults, his habeas claim is therefore procedurally barred. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

## III.

Although the district court dismissed Williams' habeas corpus appeal based on the merits, we affirm the dismissal of Williams' habeas petition on the grounds that it is procedurally barred. *See Johnson v. McCotter,* 803 F.2d 830, 834 (5th Cir.1986).

The judgment of the district court is therefore

AFFIRMED.