MASSEY, C. J., BROWN and JORDAN, JJ.

**Jerry Jerome BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0016–CR.**

Court of Appeals of Texas, Tyler.

June 4, 1982.

Rehearing Denied July 1, 1982.

A. M. Thompson, Jr., Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Tyler, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction of passing a forged instrument. Pursuant to a jury's return of "true" on two enhancement counts the court assessed punishment at life imprisonment.

The record reflects that on the 27th day of May, 1980, appellant entered a grocery store in the city of Tyler, Texas, and presented a check to Steven Seaburg (Seaburg), a manager of that store, in the amount of $210.00. Mr. Seaburg took the check from the appellant, placed his initials thereon and then photographed both the check and the appellant with a photographing device which had been installed in the store's office for the purpose of later identifying check writers where and when such identification was needed. Seaburg testi-

fied that he thereafter gave appellant $210.00 for the check, ran it through the bank on which the check was drawn and that the check was returned by the bank stamped "signature irregular." Thereafter Seaburg notified the Tyler Police Department. A police officer was sent to the store and obtained a photograph of the appellant.

The check in question was one of several checks stolen from the checkbook of Mr. Paul Howard, a local businessman who owned a service station in the city of Tyler. Mr. Howard testified that he paid his bills and employees by check and that he kept his checkbook in a desk drawer in his office. Mr. Howard further testified that several of his checks were stolen from his checkbook in the spring of 1980; that a total of twelve checks were taken and that they were numbered 4766 through 4777 inclusive. Mr. Howard testified that the check cashed by appellant bore the same number as one of the stolen checks and was made payable to a person by the name of Robert Strode. Mr. Howard testified that he did not know a Robert Strode; that the signature on the check was not his and that he had not given anyone permission to sign his name.

■ Appellant's first ground of error contends the trial court erred in denying appellant's motion for a new trial because there was insufficient evidence to sustain the conviction. It is appellant's contention that there is no evidence in the record tending to prove appellant "knew that the instrument was forged at the time of passing" or that he passed the instrument with the intent to harm another.

We cannot agree with appellant's contention. Although Seaburg was unable to recount any false representations that might have been made by appellant, nevertheless a ficticious driver's license number was recorded on the check at some point in the transaction and Seaburg stated that he usually verified by identification everything on the check. When this fact is taken together with all the other facts and circumstances in the case, we conclude that it is sufficient to show knowledge that the check in ques-

tion was forged and to show that appellant acted with intent to defraud. See *Baker v. State*, 552 S.W.2d 818 (Tex.Cr.App.1977); *Colburn v. State*, 501 S.W.2d 680 (Tex.Cr. App.1973).

Appellant's second ground of error contends the trial court erred in denying appellant's motion to set aside the indictment for failure to grant a speedy trial under the provisions of art. 32A.02 of the Texas Code of Criminal Procedure. Appellant asserts that the original indictment was filed on July 24, 1980, but that the State did not announce ready for trial until February 2, 1981. The record does not support appellant's claim. There is nothing in the record to indicate that the indictment was filed July 24, 1980, except "appellant's motion to set aside the indictment for failure to grant a speedy trial." Appellant cannot rely on his own pleadings to establish his own ground of error. Further, a docket sheet notation from the trial court and the indictment both reflect that the indictment was filed October 30, 1980, well within 120 days of the date the State announced ready for trial. Appellant's second ground of error is overruled.

Appellant's last ground of error contends the State failed to prove at the punishment phase of the trial that appellant had been previously convicted of two felonies and that the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final. We must sustain appellant's contention.

The record reflects that the State established that appellant was convicted and sentenced on January 31, 1968, in Cause No. 17,890 for felony theft. Appellant waived appeal and the conviction became final on February 1, 1968. The State then attempted to establish that appellant's second offense occurred after the final conviction in Cause No. 17,890 by introducing into evidence the judgment and sentence in Cause No. 18,350. The judgment did not reflect the date of the commission of the offense. The indictment, also introduced, alleged that "on or about the 23rd day of December A.D. 1969" the appellant assaulted Donald Sheffield. The Court of Criminal Appeals has repeatedly held that the date alleged on an indictment is not evidence as to when that offense was committed. *Rogers v. State*, 169 Tex.Cr.R. 239, 333 S.W.2d 383, 385 (1960); *Wheat v. State*, 442 S.W.2d 363 (Tex.Cr.App.1969); *Garay v. State*, 389 S.W.2d 952 (Tex.Cr.App.1965). The prosecutor also called the District Clerk, Brad Burger, who testified that the indictment stated that the offense occurred on December 23, 1969. Later when asked by the State's counsel if the "offense date in the Indictment" was December 29, 1969, Mr. Burger answered "That's correct." Burger admitted however on cross-examination that he had no personal knowledge of the date of the offense and was basing his testimony solely on information gained from reading appellant's file. This is not competent evidence. Therefore, there was insufficient evidence to establish that the date of the second offense occurred after the conviction for the first offense became final.

Although the error relates to punishment only, the jury, not the court, assessed punishment. We may not, therefore, reform the sentence or remand for a new trial on punishment only. *Jefferson v. State*, 611 S.W.2d 102 (Tex.Cr.App.1981); *Williams v. State*, 596 S.W.2d 903 (Tex.Cr.App. 1980). We note further that if appellant is again convicted in this cause, the State, having once failed to sufficiently prove all facts necessary to find an enhancement paragraph "true," may not at a new hearing in this cause have a second opportunity to prove the original allegations.[1] *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App., 1982 en banc).

The judgment of the trial court is reversed and remanded.

---

1. We do not today intimate that if appellant were later charged in another indictment with a new offense that the State would be foreclosed from alleging and proving the same enhancement allegations made here. Such would not subject the appellant to multiple determinations of the State's allegations in the same case. *Cooper, supra.*