Hugh Delano URDY,
Petitioner-Appellant,

v.

O.L. McCOTTER, Director, Texas Department Of Corrections, Respondent-Appellee.

No. 85–2213
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1985.

**653**

Hugh D. Urdy, pro se.

Jim Mattox, Atty. Gen., and Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

Petitioner, Hugh Delano Urdy, appeals from the federal district court's dismissal with prejudice of his habeas corpus petition, 28 U.S.C. § 2254, on the basis of abuse of the writ under Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 claims.

For the reasons stated below, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

In October 1977, Hugh Delano Urdy (Urdy) was convicted of the crime of escape, and given a life sentence based on a finding that he had two prior felony convictions. The Texas enhancement statute authorizes a life sentence upon a showing of two prior felony convictions, the second of which was "for an offense that occurred subsequent to the first previous conviction having become final...." [1] Urdy did not directly appeal his conviction, but filed several state habeas corpus appeals. He was subsequently cited for abuse of the writ in state court and has exhausted his available state remedies. Urdy also filed three previous federal habeas applications, all of which were denied.

Urdy's current federal application raises four issues: (1) denial of counsel on appeal, (2) violation of the Ex Post Facto Clause, (3) insufficient evidence to support a finding of true to the second prior felony conviction used to enhance because the State allegedly failed to prove the date of commission of the second offense, and (4) lack of abuse of the writ in state court. In the federal district court, the State moved for dismissal under Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 claims, alleging abuse of the writ. The case was referred to a United States magistrate who recommended that the dismissal motion be granted.

Regarding Urdy's claim that the evidence did not support enhancement, the magistrate concluded that the argument should have been raised in one of Urdy's previous petitions since "[w]hether the State alleged and proved the date the second prior offense was committed is a fact of which the Petitioner was aware well before this late date." Record at 47. The magistrate further noted that Urdy "has presented nothing to this Court to convince it that he has just recently realized that this particular allegation was available" and that "his prior petitions illustrate his misgivings about the use of his prior convictions to enhance his sentence." *Id.*

Urdy filed a motion in the district court objecting to the magistrate's findings. He advanced legal arguments against adopting the findings and requested an opportunity to be heard on the question of why he had not raised the enhancement issue previously. Urdy asserted that he had never raised the argument before, and he requested a Rule 9(b) form on which to explain his failure to do so.

The federal district court did not grant Urdy a hearing and did not furnish him with a Rule 9(b) form. Instead, the court essentially adopted the magistrate's findings regarding Urdy's failure to raise the enhancement issue in a previous petition. The court stated:

> Finally, as to the Petitioner's claim that there was insufficient evidence to support a finding of true to the second prior felony conviction alleged for enhancement purposes at his state trial, this Court agrees with the Magistrate that past writ applications by the Petitioner indicate that he should have been aware of the availability of this claim earlier. While an evidentiary hearing was not held on this matter, the Petitioner's objections to the Magistrate's findings and his other submissions indicate no reason why he failed to previously raise this ground for relief. Consequently, this Court believes that as a matter of law this ground should be dismissed as constituting an abuse of the writ pursuant to Rule 9(b) of the rules governing Section 2254 cases.

*Id.,* Practice Commentary.

---

**1.** Tex.Penal Code Ann. § 12.42(d) (Vernon 1984). This provision did not change prior law.

Record at 28–29. The court also dismissed the other three claims.[2] Urdy appeals.

## II. DISCUSSION

On appeal, Urdy asserts that it was error to dismiss his challenge to the enhancement of his escape conviction as an abuse of the writ. It is undisputed that this claim has not been raised in a previous habeas corpus petition. Urdy argues that he first learned that the challenge to the enhancement statute was a possible basis for a habeas corpus petition when a prisoner who was raising such a challenge was placed in his prison wing. That prisoner was granted a writ of habeas corpus based on the State's failure to prove the date of commission of the second prior offense used for enhancement. *French v. Estelle,* 692 F.2d 1021 (5th Cir.1982), *cert. denied,* 461 U.S. 937, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983). Urdy, advancing the same argument, filed the instant habeas corpus petition on June 16, 1983, one month after the Supreme Court denied certiorari in *French.*[3]

■ If a petitioner has filed one or more previous petitions, the petitioner's subsequent petition may be dismissed if it fails to allege any new grounds for relief. It may also be dismissed if the judge finds that the new grounds that are alleged should have been asserted in an earlier petition and that the present petition constitutes "an abuse of the writ." Rule 9(b) of

Rules Governing § 2254 cases. Even so, a petitioner may assert a new claim in a successive petition so long as it is "based on facts or legal theories about which [the petitioner] had no knowledge when prosecuting [the petitioner's] prior habeas petition." *Jones v. Estelle,* 722 F.2d 159, 163 (5th Cir.1983) (*Charles Jones*), *cert. denied,* — U.S. ——, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984) (footnote and citation omitted).[4]

■ A claim of abuse of writ may be pleaded by the state or raised by the federal district court *sua sponte. Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir. 1985). If the state asserts abuse of the writ, it must do so specifically and must make its claim with clarity and particularity. *Charles Jones,* 722 F.2d at 164. The state can meet this burden "if it notes petitioner's prior writ history, indicates the claims appearing for the first time in the successive petition, and affirms its belief that petitioner is abusing the writ...." *Id.* An assertion of writ abuse is necessarily also an assertion that the state "is aware of no newly disclosed facts or changes in the law that would justify the filing of a successive petition." *Id.*

■ Once the state has met its burden, the petitioner then assumes the burden of answering the state's allegations and prov-

2. The district court found Urdy's claim of denial of counsel on appeal to be successive, the claim that Urdy was tried in violation of the Ex Post Facto Clause to be without merit, and the claim that there had been no abuse of the writ in state court not to be cognizable. Urdy does not seriously challenge the district court's disposition of those three claims.

3. Urdy was convicted of burglary on June 20, 1949. He was subsequently convicted of the offense of theft on May 16, 1966. It appears from the present record that nothing in the record of sentence indicates the date the second offense occurred. The State asserts that the indictment for the second offense used for enhancement purposes demonstrates that the second offense was committed after the conviction for the first offense was final. "The [Texas] Court of Criminal Appeals has repeatedly held that the date alleged on an indictment is not evidence as to when that offense was commit-

ted." *Brown v. Texas,* 635 S.W.2d 211, 213 (Tex. App.—Tyler 1982, writ ref'd). Although it may be unlikely that Urdy would have been convicted in 1966 of a crime he committed in 1949, nothing in the present record appears to foreclose that possibility. Given the disposition of the present appeal, however, this Court need not address the merits of Urdy's claim. We do note, however, that Urdy's claim is not frivolous and may present factual issues which require an evidentiary hearing.

4. In the past this Court has left undecided the question whether, in evaluating an abuse of the writ claim, the district court should consider a pro se petitioner's actual knowledge when the petitioner filed the previous petition or the petitioner's constructive knowledge at the time of filing the previous petition. *Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir.1985) (and authorities cited therein).

ing by a preponderance of the evidence that the petitioner has not abused the writ. *Daniels v. Blackburn,* 763 F.2d at 707; *Charles Jones,* 722 F.2d at 164. Thus, a petitioner must show that if the questioned claims were withheld in a former petition, there was a legal excuse for doing so. 763 F.2d at 707; 722 F.2d at 164. A legal excuse exists if the new claims are based on facts or legal theories of which the petitioner had no knowledge at the time of the prior petition. 763 F.2d at 707.

■ The petitioner is not necessarily entitled to an evidentiary hearing on the issue of whether he has abused the writ. *Id.* at 707. At a minimum, however, the petitioner must be given specific notice that the court is considering dismissal and given at least 10 days in which to explain the failure to raise the new grounds in a prior petition. *Id.; Jones v. Estelle,* 692 F.2d 380, 384–86 (5th Cir.1982) (*Ollie Jones*). The notice requirement is met by providing the petitioner with the information conveyed by the form appended to Rule 9(b). *Id.* A Rule 9(b) form:

> notifies the petitioner that the court is considering a dismissal under Rule 9(b) and that his failure to complete the form will result in automatic dismissal of his petition. It requires the petitioner to explain why a repetitive petition deserves reconsideration or why he failed to raise new grounds in a prior petition. Finally, the form admonishes the petitioner to present facts rather than opinions or conclusions. Together with Rule 56, this form ensures that a petitioner will receive timely and specific notice of a possible summary dismissal under Rule 9(b).

*Ollie Jones,* 692 F.2d at 384–85.

■ After the petitioner responds, the court may summarily dismiss the petition if the "petitioner has failed to show as a matter of law ... that [the petitioner] neither deliberately withheld a claim from a previous petition nor was inexcusably neglectful...." *Id.* at 385. A Rule 9(b) inquiry is necessarily fact oriented, and dis-

missal is proper only where there is a sufficient quantity of evidence on which the court can base its conclusions. If the evidence is inconclusive, the court should hold an evidentiary hearing. *Id.* The standard for reviewing a Rule 9(b) dismissal is whether the district court abused its discretion. *Daniels,* 763 F.2d at 708.

■ In the instant case, we are constrained to conclude that the trial court should not have dismissed Urdy's petition without giving him proper notice that dismissal was pending. As noted above, adequate notice must inform the prisoner: (1) that dismissal is being considered; (2) that dismissal will be automatic if there is no response that explains his failure to raise new grounds in a prior petition; and (3) that in order to avoid dismissal, the petitioner must present to the court facts rather than opinions or conclusions. *Ollie Jones,* 692 F.2d at 384–86.

The record in the instant case demonstrates that Urdy was not provided with a Rule 9(b) form. Moreover, so far as the record shows, Urdy was not provided with other notice which fulfills the purposes of *Ollie Jones.* It is quite clear that the State's motion to dismiss did not provide Urdy with the notice required under *Ollie Jones.* Similarly, the magistrate's findings did not provide such notice. The magistrate's findings indicate only that failure to respond will preclude a de novo determination by the district court. Record at 48. Even if the State's motion or the magistrate's findings could be construed as adequate warning that dismissal was being considered, neither informed Urdy that he faced automatic dismissal unless he responded. Likewise, neither notified Urdy of the need to present *facts* rather than opinions or conclusions. Thus, while the first purpose of the *Ollie Jones* notice requirement may have been met, the last two purposes were not met. Unlike the magistrate's show cause order in *Ollie Jones,* the filings in the instant case do not provide equivalent notice.

This Court specifically notes that Urdy is pursuing this habeas petition *pro se*. As this Court has stated:

> It is more difficult when we review the efforts of a pro se petitioner to meet his burden of proving excusable neglect. That difficulty surfaces in pro se cases as a greater tolerance for prisoner compliance with these described rules.

*Charles Jones,* 722 F.2d at 165.

The result of the court's failure to provide the required notice is evident in Urdy's objection to the magistrate's findings. Urdy requested an opportunity to be heard and advanced arguments based on opinions and conclusions, but he made no attempt to explain the factual basis for his failure to raise the enhancement argument in a previous hearing. It is apparent from Urdy's *pro se* brief that he could have offered some factual explanation, and it appears that his failure to do so was a result of confusion as to the procedural status of his petition. This confusion is precisely what proper notice should prevent. Providing a Rule 9(b) form is not the only way to meet the notice requirement although it is clearly the preferred practice. Even if a Rule 9(b) form is not provided, it remains essential that a petitioner facing summary dismissal at least be given notice equivalent to that contained in a Rule 9(b) form. *Ollie James Jones,* 692 F.2d at 384-86.[5] That did not occur in this case.

## III. CONCLUSION

The district court dismissed Urdy's *pro se* habeas corpus petition for abuse of the writ without providing Urdy with a Rule 9(b) form or other equivalent notice. Consequently, this Court vacates the judgment of the district court, and the case is remanded for further proceedings consistent with this opinion. The judgment of the district court is

## VACATED AND REMANDED.

5. Because the notice requirement was not met in the instant case, it is unnecessary to discuss Urdy's other contentions on appeal. Moreover, on June 6, 1985, Urdy filed a motion to expedite

based on the State's failure to file a brief. The State filed its brief on June 28, 1985. There is therefore no need for an order to expedite. Fifth Circuit Court Policy 14h(2)(a).