Nason Gene SOILEAU,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana
State Penitentiary, et al.,
Respondents-Appellees.

No. 85–4699
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 21, 1986.

Nason G. Soileau pro se.

Glenn B. Foreman, Crowley, La., for respondents-appellees.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Nason Gene Soileau appeals the dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, under Rule 9(a) of the Rules Governing § 2254 Cases.[1] Finding that Soileau did not receive the requisite notice that a Rule 9(a) dismissal was being considered, we vacate the dismissal and remand.

## BACKGROUND

On December 10, 1975, a jury convicted Soileau of manslaughter for killing a fellow-inmate at the Acadia, Louisiana, Parish Jail. Soileau escaped from custody before sentencing and remained at large for over three years. Ultimately recaptured, Soileau was sentenced on April 6, 1979 to a term of 21 years. There was no direct appeal of the conviction.

Having exhausted state post-conviction remedies, on July 15, 1982 Soileau filed the instant federal habeas petition, alleging that: (1) his conviction was not supported by the evidence; (2) he was not advised of his right to appeal; (3) he was denied counsel at sentencing; and (4) the sentencing procedures violated state law. The petition was referred to a magistrate who ordered the state to file all pertinent records and transcripts. The magistrate found that because there had been no appeal no transcript of evidence had been made, and during the delay between the 1975 trial and the 1982 filing of the federal habeas petition the court reporter's notes had been destroyed.

---

1. Rule 9(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, provides:

Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Upon completion of her review of the record, the magistrate recommended that Soileau's petition be dismissed under Rule 9(a) because the state had suffered prejudice as a consequence of the delay. The state did not seek a Rule 9(a) dismissal and Soileau received no notice that the magistrate was considering dismissal on that basis. The district court adopted the magistrate's recommendations over Soileau's objection and entered judgment dismissing his application. Soileau appealed and we issued a certificate of probable cause.

## ANALYSIS

The procedure for dismissing a habeas corpus petition under Rule 9(a) was fully explicated in *McDonnell v. Estelle*, 666 F.2d 246 (5th Cir.1982). Relying on the Advisory Committee Note to Rule 9(a) and analogizing to and applying procedures for a motion for summary judgment, Fed.R. Civ.P. 56, we held "[i]f, after examining the petition and the state's return, it appears that there is a high probability the petition will be barred by Rule 9(a), the court should so notify the petitioner." *Id.* at 252. The petitioner must then "explain why his or her delay has not been prejudicial and why the delay is excusable." *Id.* at 253. We have observed that *McDonnell* requires that where a Rule 9(a) disposition summarily resolves factual issues, the petitioner must be given notice and an opportunity to respond. *Norman v. McCotter*, 765 F.2d 504 (5th Cir.1985). Prejudice to the state and the reasons for the delay are factual issues.

Soileau was neither given notice that the magistrate was considering a Rule 9(a) dismissal nor an opportunity to demonstrate that the delay was excusable or that it was not prejudicial. Because the magistrate relied on evidence outside the pleadings, the matter necessarily fell into a summary judgment posture. A Rule 9(a) dismissal in that setting required notice to Soileau and an opportunity to be heard. *McDonnell.*

We do not decide, and express no opinion whatsoever, whether the state's showing was sufficient to shift the burden of persuasion to Soileau to excuse the delay or to show that the state suffered no prejudice as a consequence of delay chargeable to him. *See Strahan v. Blackburn*, 750 F.2d 438 (5th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 2683, 86 L.Ed.2d 700 (1985). That remains for the trial court to decide first. We hold only that under the rubrics of *McDonnell* a Rule 9(a) dismissal was inappropriate without giving Soileau notice and an opportunity to be heard.

Accordingly, the judgment is VACATED and the case is REMANDED for further proceedings consistent herewith.