**R. Wayne JOHNSON,
Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director of Texas
Department of Corrections,
Respondent-Appellee.**

No. 86–1219.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1986.

12. *Woessner,* 757 F.2d at 643.

13. *King v. Universal Electric Construction,* 799 F.2d 1073, 1075 (5th Cir.1986) (per curiam); *Kelly,* 485 F.2d at 526.

14. 485 F.2d at 526.

15. *Id.*

16. *King,* 799 F.2d at 1075.

R. Wayne Johnson, pro se.

David B. Fannin, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

In 1978 Ronald Wayne Johnson was convicted of aggravated rape by a jury in Texas and was sentenced to serve ninety-nine years. On direct appeal, the Texas Court of Criminal Appeals affirmed his conviction.

In 1984 Johnson filed a pro se § 2254 petition alleging that (1) the evidence was insufficient to support his conviction; (2) the state court jury charge was fundamentally defective; (3) his court-appointed trial counsel was ineffective; and (4) his fourth amendment right to be free from unlawful search and seizure was violated. Johnson alleged his trial counsel was ineffective because he (1) failed to object to the allegedly defective jury charge; (2) failed to appeal the denial of his motion to suppress; (3) failed to argue on appeal that the evidence of his prior conviction was insufficient; and (4) failed to challenge the array of the jury. The district court denied Johnson's petition.

In February 1985 Johnson filed the present pro se § 2254 petition alleging that his state court trial counsel was ineffective and that he was denied his constitutional right to represent himself at his state court trial. Specifically, Johnson claimed his counsel was ineffective because he (1) failed to conduct a proper pretrial investigation so as to present an insanity defense; (2) failed to file a motion for rehearing; (3) failed to present several witnesses; (4) failed to request a jury charge requiring the jury to disregard illegally obtained evi-

dence; and (5) failed to request a jury charge that Johnson had a right to remain silent during the punishment phase of his trial. In his petition Johnson stated he did not present these grounds for his ineffective-assistance claim in his prior petition because he did not discover their legal significance until he performed legal research on September 1, 1984. Johnson also alleged he did not present his self-representation claim in his prior petition because he did not discover the legal basis for the claim until October 13, 1984, while in the Ector County Jail.

The state filed a motion to dismiss alleging that Johnson's petition was an abuse of the writ. The state also filed an answer addressing the substantive merits of Johnson's petition. Johnson filed responses in opposition to the state's motion to dismiss and answer. After an evidentiary hearing was held on the substantive merits of Johnson's petition, the district court dismissed Johnson's petition.[1] Johnson filed a timely notice of appeal.

### I

Rule 9(b) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, provides:

> *Successive petitions.* A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

"The purpose of [Rule 9(b)] is to avoid piecemeal litigation, with petitioners advancing claims one at a time." *Hamilton v. McCotter,* 772 F.2d 171, 176 (5th Cir. 1985) (quoting *Rudolph v. Blackburn,* 750 F.2d 302, 305 (5th Cir.1984)). A habeas petitioner abuses the writ by failing to raise his present claim in a previous habeas petition without legal excuse. *Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir.

1985); *Jones v. Estelle,* 722 F.2d 159, 163 (5th Cir.1983) (en banc), *cert. denied,* 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984).

Abuse of the writ may be raised by the state or the district court sua sponte. *Daniels,* 763 F.2d at 707. Where, as here, the state raises the issue of writ abuse, it must recite petitioner's writ history, specify new claims alleging writ abuse, and allege that it is not aware of any new facts or changes in the law that justify a new petition. *Urdy v. McCotter,* 773 F.2d 652, 655 (5th Cir.1985); *Jones,* 722 F.2d at 164. The burden then shifts to the petitioner to prove by a preponderance of the evidence that he has not abused the writ. *Urdy,* 773 F.2d at 655–6; *Daniels,* 763 F.2d at 707.

Although the state met its burden, the district court neglected to give Johnson notice that the court was considering dismissal of his petition as an abuse of the writ. In *Urdy,* this court held that a "petitioner must be given specific notice that the court is considering dismissal and given at least 10 days in which to explain the failure to raise the new grounds in a prior petition." 773 F.2d at 656. The court should notify the petitioner (1) that dismissal is being considered; (2) that his petition will be dismissed automatically if he fails to respond; and (3) that his response should present facts rather than opinions or conclusions. *Id.*

Johnson was not provided with a Rule 9(b) form nor was he provided with other notice that satisfied these requirements. Although the state's motion to dismiss put Johnson on notice that it considered his petition as an abuse of the writ, Johnson was not forewarned that his petition would be summarily dismissed if he failed to respond or that he should present facts, not legal argument. This court has strictly construed the notice requirement. *See Urdy,* 773 F.2d at 656–67; *see also Soileau v. Blackburn,* 789 F.2d 1209, 1210 (5th

---

1. Respondent concluded that Johnson has adequately exhausted his state remedies; the district court did not mention exhaustion in its memorandum opinion.

Cir.1986) (Rule 9(a)). Nonetheless, the district court's failure to provide Johnson with notice was harmless, for the following reasons.

Despite the absence of notice, Johnson filed a response in opposition to the state's Rule 9(b) motion. According to Johnson, he did not know he had a constitutional right to represent himself until he was in the Ector County Jail in October 1984. Johnson did not explain why he did not raise the present grounds for his ineffective-assistance claim in his prior petition.

## II

■ "A claim of ineffective assistance of counsel, once raised, litigated and rejected at an earlier habeas proceeding cannot be raised in a later proceeding merely by varying the factors allegedly demonstrating incompetency." *McDonald v. Estelle*, 590 F.2d 153, 155 (5th Cir.1979); *Cunningham v. Estelle*, 536 F.2d 82 (5th Cir.1976). Having claimed his trial counsel was ineffective in a prior petition, Johnson's present ineffectiveness-claim was barred by Rule 9(b) even though he alleged additional grounds of ineffective assistance. Although the district court erred by not giving Johnson notice, this error was harmless since there were no facts that Johnson could have alleged to prevent his ineffective-assistance claim from being dismissed under Rule 9(b). Nor did we create a conflict with *McDonald* in our recent decision in *Passman v. Blackburn*, 797 F.2d 1335 (5th Cir. 1986) where we explained that "the only issue before us regarding the abuse of the writ doctrine is the standard for determining a petitioner's knowledge of legal *claims.*" *Id.* at 1344 n. 11. (Emphasis supplied.) Judge Randall's careful opinion in *Passman* did not address Johnson's variation on a theme contention. He admittedly knew of his claim. *Passman* does not allow the reassertion of claims for the sole reason that petitioner has now thought of another argument in support of the same claim.

## III

The district court also summarily dismissed Johnson's self-representation claim. Johnson contends that this dismissal is error, as his constitutional right to self-representation was violated.

For the purposes of this analysis, Johnson's allegations are taken as true. On December 27, 1977, petitioner wrote a letter to the state court judge in which he stated:

I'm requesting information concerning an attorney. Is it written in the law that I can not represent myself? You see, I would choose to represent myself, providing I had the proper equipment. Under the circumstances I don't believe the court would assist me in my secretarial work.

By no means am I a thoroughly schooled lawyer, but I am a man who can ask simple logical questions, in my own behalf. Needless to say, a well educated lawyer isn't needed for such questioning. Please understand, I do not need a lawyer to talk for me, or to question my witness.

It is said I will have to bare [sic] with the decision of the court and a court appointed attorney. If at any time, my attorney appears not to be representing me properly, I will have him removed from my case immediately!

Because the trial court did not respond to this letter, Johnson says he assumed that he did not have a right to represent himself.

In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a constitutional right to self-representation in a state criminal case. Nonetheless, this court has held that the demand to defend pro se must be stated clearly and unequivocally. *Lyles v. Estelle*, 658 F.2d 1015, 1019 (5th Cir.1981); *Chapman v. United States*, 553 F.2d 886, 892–93 (5th Cir.1977). Moreover, "[e]ven after the defendant has unequivocally asserted the right to defend pro se, he may waive that right." *Chapman*, 553 F.2d at 893 n. 12. Johnson did not

unequivocally inform the trial court that he wished to defend himself.

█ In his letter, Johnson states that he would defend himself if he had the proper equipment but that he did not believe the court would provide him with the needed assistance. This statement is ambiguous at best. A fair reading of this statement is that Johnson did not wish to represent himself since he would not be provided with the proper equipment. This interpretation is buttressed by Johnson's statement at the end of his letter that he would seek to have his counsel withdrawn if he became dissatisfied with counsel's representation. The record evinces that Johnson did not clearly and unequivocally assert his desire to forego legal representation. *See Moreno v. Estelle*, 717 F.2d 171, 174–75 (5th Cir.1983), *cert. denied*, 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984).

█ Alternatively, Johnson clearly waived his right to self-representation. Two days after his letter was received by the trial court, Johnson requested that counsel be appointed to represent him. His request was granted on January 6, 1978. A careful review of the state court record reveals that Johnson made no subsequent request to proceed pro se. Thus, the record shows that Johnson waived his right to self-representation. *See Brown v. Wainwright*, 665 F.2d 607, 610–11 (5th Cir. 1982).

### IV

Reversal is inappropriate if the ruling of the district court can be affirmed on alternative grounds. *Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir.1981). Although the district court erred by not giving notice of the Rule 9(b) dismissal, reversal would be inappropriate since Johnson's petition lacked merit. *See Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986).

AFFIRMED.