16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jerry L. LEVI-MONTGOMERY, Petitioner-Appellant,
v.
Charles ADKINS and Indiana Attorney General, Respondents-Appellees.
 No. 93-1272.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1993.[1]
Decided Nov. 2, 1993.
Rehearing Denied Jan. 10, 1994.
 
 Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Levi-Montgomery[2] appeals from a district court order denying his petition for habeas corpus on the basis of procedural default and abuse of the writ. 28 U.S.C. Sec. 2254.
 
 
 2
 Levi-Montgomery first argues that the district court erred in denying his motion for summary judgment because respondents failed to respond to the motion. Montgomery maintains that Fed.R.Civ.P. 56 "requires" such a response, and he points to the general rules that the nonmoving party may not rest upon the allegations or denials in its pleadings. Zayre Corp. v. S.M. & R. Co., Inc., 882 F.2d 1145, 1148 (7th Cir.1989). After Levi-Montgomery filed his petition for a writ of habeas corpus, respondents were ordered to show cause why the district court should not issue the writ and to submit the state records. Respondents filed a return to the court's order, raising the issue of procedural default and abuse of the writ. Respondents attached Levi-Montgomery's earlier federal habeas petition attacking the same conviction; the district court order denying the petition; and this court's order denying a certificate for probable cause. Subsequently, Levi-Montgomery moved for summary judgment addressing the merits of his claims.
 
 
 3
 It is generally unwise to fail to respond to a summary judgment motion. However, failure to respond does not permit the court to automatically grant the motion for summary judgment. Tobey v. Extel/JWP, Inc., 985 F.2d 330, 331 (7th Cir.1993); Brown v. United States, 976 F.2d 1104, 1110, (7th Cir.1992); Goka v. Bobbitt, 862 F.2d 646, 649 n. 1 (7th Cir.1988); Enquip, Inc. v. Smith-McDonald Corp., 655 F.2d 115, 119 (7th Cir.1981). In this case, respondents had already presented their claim of procedural default in the Return to the writ of habeas corpus. Levi-Montgomery filed a traverse, but did not negate the allegations of procedural default. Under 28 U.S.C. Sec. 2248, therefore, the allegations of the Return were deemed true. We agree with respondent's argument that the documents the parties had put before the district court were "the equivalent of a motion for summary judgment filed by respondents." This is not a case where the district court summarily resolved factual issues without giving petitioner notice that the government's request for dismissal would be treated as a motion for summary judgment. Cf. Soileau v. Blackburn, 789 F.2d 1209 (5th Cir.1986) (district court relied on evidence outside the pleadings, and thus the case "necessarily fell into a summary judgment posture"; reversed on appeal where habeas petitioner was not given notice that court would treat request for dismissal as summary judgment motion); Hill v. Linahan, 697 F.2d 1032, 1034 (11th Cir.1983) (district court converted state's motion to dismiss into summary judgment motion as a result of respondent's answer to habeas petition, together with other filed documents; reversed on appeal where habeas petitioner received no notice that the request for dismissal would be treated as a motion for summary judgment). Nor is this a case where petitioner had no notice that the district court was considering treating the motions, traverse, and answer-response as a motion for summary judgment, since petitioner himself moved for summary judgment.
 
 
 4
 Levi-Montgomery argues further that the district court erred when it applied two new rules of law retroactively, when it required a showing of "actual innocence" to overcome a defense of "abuse of the writ," and when it denied him an evidentiary hearing on the petition for habeas corpus. The district court cited Sawyer v. Whitley, 112 S.Ct. 2514 (1992), for the proposition that successive habeas petitions are barred under the doctrine of abuse of the writ, a proposition which is not new. See McCleskey v. Zant, 499 U.S. 467 (1991); Kuhlmann v. Wilson, 477 U.S. 436 (1986). No new rule was given retroactive application.
 
 
 5
 The district court also cited Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992), for the proposition that Levi-Montgomery was not entitled to an evidentiary hearing. Even under the previous rule for determining whether an evidentiary hearing was required ( see Townsend v. Sain, 372 U.S. 293 (1963)), Levi-Montgomery was not entitled to a hearing where the issues raised in the petition were clearly decided in the first habeas proceeding.
 
 
 6
 Levi-Montgomery next contends that the district court erred in finding procedural default. We will not disturb the court's finding absent clear error on factual findings, Goins v. Lane, 787 F.2d 248, 253-54 (7th Cir.), cert. denied, 479 U.S. 846 (1986), or an error on an issue of law, Verdin v. O'Leary, 972 F.2d 1467, 1481 (7th Cir.1992). In 1986, a jury convicted Levi-Montgomery of the murder of his father, and the Indiana trial court sentenced him to 40 years' imprisonment. The conviction was affirmed. Montgomery v. State, 521 N.E.2d 1306 (Ind.), cert. denied, 488 U.S. 840 (1988). Levi-Montgomery's post-conviction petition was denied in the Indiana trial court, and that denial was affirmed. Montgomery v. State, No. 45A03-8910-PC-442 (Ind.App. May 31, 1990) (unpublished). No appeal was taken. Levi-Montgomery's first habeas petition was denied, Montgomery v. Clark, No. H 90-213 (N.D.Ind.1991) on the basis of procedural default; and this court denied a certificate of probable cause. Montgomery v. Clark, No. 91-3693 (7th Cir. Dec. 19, 1991) (unpublished order). Levi-Montgomery meanwhile had sought modification of sentence, which motion the Indiana trial court denied; this decision was affirmed. Montgomery v. State, No. 45A05-9110-CR-349 (Ind.App. Dec. 14, 1991) (unpublished). Levi-Montgomery then filed the present writ of habeas corpus, which the district court denied on the basis of procedural default and abuse of the writ.
 
 
 7
 In this second habeas petition, Levi-Montgomery contends that withholding of exculpatory evidence through violation of discovery orders resulted in the State's failure to prove him guilty beyond a reasonable doubt. This issue either overlaps with, or was not raised in, the direct appeal, the post-conviction petition, or the first habeas petition. Some language in the pro se petition resembles the first habeas petition, or a variation on that petition, and other language might present a new issue, or at least a new argument relating to the same underlying issue of the withholding of exculpatory evidence. In either case, the district court properly refused to reach the merits in this successive petition. We agree with the district court that there is both procedural default ( see Cain v. Peters, 972 F.2d 748 (7th Cir.1992)); and abuse of the writ (see McClesky v. Zant ), since the issue could have been raised in the earlier petition for writ of habeas corpus.
 
 
 8
 Finally, Levi-Montgomery spends considerable time pointing to a "lost" state court record. An affidavit of the deputy clerk of the Indiana Supreme and Appellate Courts' Office of the Clerk states that the microfilm record indicates that the docket sheet refers to a "motion to amend certiorari" filed in 1988, but no such document could be found in the record. Nothing Levi-Montgomery has presented to the numerous tribunals which have heard his contention as to this missing record has indicated the record could possibly raise a material fact which would preclude a finding of procedural default.
 
 
 9
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Petitioner was convicted under the name Jerry Montgomery