IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20040
Summary Calendar
_____

LEON TASBY,

                                        Petitioner-Appellant,

versus

WAYNE SCOTT, Director, Texas Department
of Criminal Justice, Institutional Division,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-2571
- - - - - - - - - -

(April 20, 1995)

Before KING, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Leon Tasby appeals a district court judgment dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Tasby requests a certificate of probable cause (CPC) pursuant to Fed. R. App. P. 22(b) in his brief.

Tasby was convicted of aggravated robbery in 1983 and was sentenced to life in prison.  Tasby filed this, his second federal petition for a writ of habeas corpus, alleging numerous

_____

[*]      Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

grounds of error.  The respondent waived exhaustion because Tasby had already been cited for abuse of the writ in state court and requiring exhaustion would be futile.  The respondent filed a motion to dismiss, raising abuse of the writ under Rule 9(b) of the Rules Governing § 2254 Cases.  The district court granted the respondent's motion to dismiss for abuse of the writ and dismissed Tasby's petition.

Tasby argues that the district court did not give him adequate notice that it was considering dismissing his petition for abuse of the writ nor a reasonable opportunity to respond to respondent's assertion of abuse of the writ.

Tasby is correct.  Although the respondent's motion put him on notice that the state was raising abuse of the writ, this is not sufficient by itself.  The district court must give petitioner specific notice 1) that it is considering dismissal; 2) that dismissal will be automatic if he does not respond and explain his failure to raise new grounds in a prior petition; and 3) that in order to avoid dismissal, petitioner must present facts, not opinions and conclusions.  Urdy v. McCotter, 773 F.2d 652, 656 (5th Cir. 1985).  These requirements can be fulfilled by providing petitioner with a Rule 9(b) form, id., but the district court did not give such notice to Tasby before granting respondent's motion.

Failure to give the required notice can be harmless error if there are no facts that the petitioner could allege to prevent his claim from being dismissed under Rule 9(b).  See Matthews v. Butler, 833 F.2d 1165, 1170 n.8 (5th Cir. 1987), overruled on

other grounds by <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991). In this case, it is not clear that Tasby would be unable to allege facts sufficient to prevent his parole eligibility claims from being dismissed under Rule 9(b). The allegations in his petition do not clearly show that his parole eligibility claims could have been raised in his previous federal petition filed in 1988.

Tasby's argument that the district court could not have examined the records in this case before granting the motion to dismiss is moot because the district court will have the opportunity to examine the records on remand.

CPC IS GRANTED, the district court's judgment IS VACATED, and this case IS REMANDED for further proceedings.