IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40443
Summary Calendar
_____

MOSES SMITH, JR.

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-967
- - - - - - - - - -
October 28, 1996

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Moses Smith, Jr., Texas prisoner #579393, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion as successive under Rule 9(b) of the Rules Governing § 2255 Proceedings. Smith argues that his prior convictions may not be used to enhance his sentence under 18 U.S.C. § 924(e) because the convictions were related. Smith originally filed a 28 U.S.C.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

§ 2254 habeas petition, and the district court construed it as a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. However, the district court did not substitute the United States as the proper respondent after determining that Smith's action should be construed as a § 2255 motion.

Although Smith did not receive notice that the district court was considering dismissing his action as an abuse of the writ under Rule 9(b), Smith filed objections to the magistrate judge's report responding to the recommendation that his action be dismissed under Rule 9(b). Because Smith filed a response to the proposed Rule 9(b) dismissal, the district court's failure to give Smith notice of the Rule 9(b) dismissal was harmless error. See Johnson v. McCotter, 803 F.2d 830, 832 (5th Cir. 1986).

Smith's appellate brief does not address the district court's dismissal of his § 2255 motion as successive under Rule 9(b). Smith has not shown cause or prejudice for his failure to raise this specific argument in his first § 2255 motion. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Smith has also failed to allege that a fundamental miscarriage of justice would result if the court does not hear his claim because he is actually innocent of the offense for which he was convicted. See id. Therefore, Smith has not shown that he is entitled to relief. The district court did not abuse its discretion in construing Smith's petition as a § 2255 motion and in dismissing it as successive under Rule 9(b). See United States v. Flores,

981 F.2d 231, 234 (5th Cir. 1993).

AFFIRMED.