# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 01-30252
## Summary Calendar
_____

JOSEPH LOUIS STEVENSON,

                                        Plaintiff-Appellant,

versus

LOUISIANA BOARD OF PAROLE; PEGGY LANDRY;
VERA D. SCOTT; C.A. LOWE; FRED Y. CLARK;
GRETCHEN MCCARSTLE; R.C. JAMES;
JIM HERFORD,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-918
--------------------
July 11, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges:

PER CURIAM:[*]

        Joseph Louis Stevenson, Louisiana state prisoner 94679, argues that the district court abused its discretion in dismissing as frivolous his 42 U.S.C. § 1983 complaint based on the absolute immunity of the members of the Louisiana Parole Board (Board) because he is not seeking monetary relief.  Stevenson is correct that absolute immunity does not extend to suits seeking injunctive or declaratory relief under § 1983.  <u>Orellana v. Kyle</u>, 65 F.3d 29, 33 (5th Cir. 1995).  However, the dismissal of the complaint can be

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmed on alternative grounds because Stevenson has not alleged an arguable constitutional violation.  See Johnson v. McCotter, 803 F.2d 830, 834 (5th Cir. 1986); Thomas v. Torres, 717 F.2d 248, 248-49 (5th Cir. 1983).

A prisoner's in forma pauperis (IFP) complaint that lacks an arguable basis in fact or law may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).  This court reviews a 28 U.S.C. § 1915 dismissal as frivolous for abuse of discretion.  Id.

Stevenson argues that the Board denied him equal protection by treating him differently than similarly situated inmates without any rational basis for doing so.  In order to demonstrate an equal protection claim, a party must show "the existence of purposeful discrimination motivating the state action which caused the complained-of injury."  Johnson v. Rodriquez, 110 F.3d 299, 306 (5th Cir. 1997)(internal quotations and citations omitted).  In the absence of an allegation of discriminatory motive, a mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief based on the denial of equal protection.  Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993).

Stevenson has not asserted that he was treated differently because of his race or some other classification. Although he asserts that the other prisoners who were eligible under La. Rev. Stat. Ann. § 15:574.4(a)(3) (West 1992) were similarly situated to him, Stevenson has not demonstrated that their criminal records and  offenses were sufficiently similar to

his circumstances. It is also obvious that the discretionary decision to grant parole must be made on a case-by-case basis based on the unique circumstances of each prisoner. Stevenson has failed to allege an arguable equal protection claim and, thus, such claim was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Stevenson argues that in enacting La. Rev. Stat. Ann. § 15:574.4(A)(3), the legislature created a liberty interest in the expectation that the nature of his offenses and his past criminal history would not be considered in considering his suitability for parole release. He argues that the Board's consideration of these factors deprived him of due process during the parole proceedings.

This court indicated in Sinclair v. Ward, No. 99-30310 (5th Cir. 1999) (Dec. 27, 1999) that the Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release and, thus, that prisoners are not entitled to challenge the procedures employed during their parole hearing under the Due Process Clause.

The statute relied upon by Stevenson merely rendered inmates, who have reached the age of forty-five and have served at least twenty years of their thirty-or-more-year sentence, eligible for parole consideration. This statute does not contain any mandatory language requiring the Parole Board to release an inmate if certain conditions are met and does not preclude consideration of an inmate's past criminal history or the nature of his offenses of conviction. Further, La. Rev. Stat. Ann. § 15:574.2C(6)(a)(c) (West Supp. 2001) remains in effect, and it provides that the Board

is to consider all pertinent information with respect to each prisoner in determining whether parole should be granted, including the circumstances of his offense and his prior criminal record. Stevenson's due process claim has no arguable merit and was subject to dismissal for frivolousness pursuant to § 1915(e)(2)(B)(i).

Stevenson argues that he has been and is being deprived of parole release based on the retroactive application of statutes and Board rules amending the parole statutes, which were passed after the statutory amendment providing him with parole eligibility. Stevenson argues that the amendment requires a unanimous vote by the panel to obtain release on parole and that under the prior provision, he would have been released on parole in 1998 based on a majority vote of his panel. Stevenson also complains about the retroactive application of the new Board policy extending the intervals between applications for parole rehearings to two years.

A law violates the Ex Post Facto Clause if it increases the punishment for a crime after its commission. See Creel v. Kyle, 42 F.3d 955, 958 (5th Cir. 1995). Whether the application of new procedural rules may "affect[] a prisoner's 'opportunity to take advantage of provisions for early release'" is not the relevant inquiry for ex post facto purposes; instead, the court must determine whether the new rules "alter[] the definition of criminal conduct or increase[] the penalty by which the crime is punishable." California Dep't of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995).

Stevens is mistaken with respect to the prior law concerning the number of votes necessary to grant parole. A historical review of the applicable statute reflects that Board panels made up of three-member panels were always required to and still must have a unanimous vote of three to grant a parole release. See La. Rev. Stat. Ann. § 15:574.2 (West 1992) (West Supp. 2001). Stevenson was denied parole by a three-member panel and, thus, the amendment affecting panels with more than three members did not substantially disadvantage Stevenson as he claims.

The mere possibility that Stevenson may appear before a future parole panel having more than three members and that he may be precluded from obtaining parole release because of the lack of a unanimous vote by that panel is highly speculative and too attenuated to support a claim of an ex post facto violation. See Garner v. Jones, 529 U.S. 244, 120 S. Ct. 1362, 1368 (2000).

La. Rev. Stat. Ann. § 15:574.4C (West 1992), which was enacted in 1968, provided and continues to provide for parole reviews by the Board "[a]t such intervals as it determines." This statute was in effect at the time of Stevenson's conviction and when he subsequently became eligible for parole. Thus, the Board's policy change in 1998 with respect to the intervals between applications for rehearing did not change the law in effect at the time that Stevenson was convicted in 1978. See Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Stevenson has failed to allege an arguable ex post facto violation and, thus, this claim was also subject to dismissal based on its frivolousness.

The district court abused its discretion in dismissing Stevenson's complaint based on absolute immunity. However, the dismissal of the complaint as frivolous is AFFIRMED on the alternative ground that Stevenson failed to raise a constitutional claim of arguable merit under 28 U.S.C. § 1915(e)(2)(B)(i). See Johnson, 803 F.2d at 834.

**AFFIRMED.**