IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11255
Conference Calendar
_____


MELVIN REAGANS, JR.,

                                        Plaintiff-Appellant,

versus

JOHN VANCE, D.A., Criminal District Attorney;
HAROLD F. ENTZ, Judge; JIM HAMLIN, District Clerk;
MARK E. DEMPSEY, Assistant City Attorney;
KIRKHAM, Detective; MARK STOLIZ, Trial Counsel,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-732-T
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

     Melvin Reagans, Jr., Texas prisoner # 657551, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint.

Reagans argues that the defendants violated his due process

rights as set forth in Brady v. Maryland, 373 U.S. 83 (1963), by

withholding certain "exculpatory and impeachment evidence"

relating to his 1993 conviction for aggravated sexual assault of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a child under 14 years of age. Reagans seeks an injunction compelling the defendants to produce the alleged documents.

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500; see Heck v. Humphrey, 512 U.S. 477, 481-82 (1994)(explaining Preiser).

Reagans' 42 U.S.C. § 1983 action for injunctive relief is simply a preliminary step in Reagans' efforts to establish the invalidity of his conviction. Therefore, his claim is not cognizable under 42 U.S.C. § 1983, and his sole federal remedy is a writ of habeas corpus.[**] Preiser, 411 U.S. at 499-500. Although Reagans' efforts to seek habeas corpus relief have been unsuccessful, he cannot use 42 U.S.C. § 1983 in order to avoid the requirements for filing a successive 28 U.S.C. § 2254 habeas corpus application. See 28 U.S.C. 2244(b).

---

[**] Reagans is correct that absolute immunity does not extend to suits seeking injunctive relief under 42 U.S.C. § 1983. See Orellana v. Kyle, 65 F.3d 29, 33 (5th Cir. 1995). We nevertheless affirm the district court's dismissal of Reagans' claims against Judge Entz and District Attorney Vance, as well as the remainder of Reagans' claims, on an alternative basis. See Johnson v. McCotter, 803 F.2d 830, 834 (5th Cir. 1986).

Based on the foregoing, the district court's judgment dismissing Reagans' 42 U.S.C. § 1983 complaint is AFFIRMED. Reagans' motion for DNA testing is DENIED.