IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20405
Summary Calendar
_____

VINCENT THOMAS,

Plaintiff-Appellant,

versus

J. THOMAS; GARY JOHNSON, Director, TDCJ; KELLIE HUTCHINSON;
M. WILSON; J. JACKSON, JOHN DOE SIMPSON; JOHN DOE BAGGETT;
JOHN DOE LOSACK; K. NEWTON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3245
--------------------
August 8, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Vincent Thomas, Texas prisoner #586916, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A. Thomas argues that he was denied due process in the disciplinary hearing in which he was charged with assaulting inmate Kennedy because the case was based on information from a fictitious

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidential informant.  He further contends that he sufficiently alleged a retaliation claim.

In the disciplinary hearing in which Thomas was charged with assaulting inmate Kennedy, Thomas lost, inter alia, 90 days of good-time credits.  Although the loss of good-time credits may give rise to a protected constitutional liberty interest, see Madison v. Parker, 104 F.3d 765, 768-69 (5th Cir. 1997), a prisoner cannot recover good-time credits by way of a 42 U.S.C. § 1983 action.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc).  Such relief must be sought through a habeas corpus action.  See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Clarke, 154 F.3d at 189.  Furthermore, if a prisoner is challenging the validity of the procedures used in a prison disciplinary proceeding to deprive him of good-time credits and a favorable judgment would imply the invalidity of the conviction or the duration of confinement, his claims for damages and declaratory relief are similarly not cognizable in a 42 U.S.C. § 1983 action until the relevant conviction has been reversed. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Although the district court herein did not consider the above principles in analyzing Thomas' due process claim, the district court's dismissal was nonetheless appropriate and should be affirmed under Heck.  See Johnson v. McCotter, 803 F.2d 830, 834 (5th Cir. 1986).  The dismissal of this claim is "with

prejudice to [its] being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Thomas's retaliation claim fails because he does not identify the specific constitutional right he invoked for which he suffered retaliation. See Woods v. Smith, 60 F.3d 1161, 1165-66 (5th Cir. 1995). He asserts that Major Thomas and other defendants retaliated against him, in the form of filing false disciplinary charges, for his refusal to become an informant against the Muslim community. Unlike the prisoner in Woods, Thomas does not indicate that he complained about this conduct to Major Thomas' supervisors and then suffered retaliation for exercising his constitutional right of access to the courts. See 60 F.3d at 1162-63. Based on the foregoing, the district court did not err in dismissing Thomas' retaliation claim.

The district court's dismissal of the complaint as frivolous and for failure to state a claim counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Thomas is warned that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Id.

AFFIRMED; SANCTION WARNING ISSUED.