Samuel Christopher HAWKINS,
Petitioner–Appellee,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent–Appellant.

No. 88–1978.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1988.

Before RUBIN, KING, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

I

By a warrant issued by the State of Texas, Samuel Christopher Hawkins is scheduled to be executed before the hour of sunrise on December 13, 1988 at the Texas Department of Corrections, Huntsville, Texas. On December 9, 1988, the United States District Court for the Northern District of Texas granted a stay of execution. The State of Texas urges this court to vacate that stay. As we will explain, we set aside the ruling of the district court, decline to vacate the stay of execution, and remand the case for further consideration.

This is Hawkins' third petition for federal habeas relief. We recited the long history of judicial proceedings in our review of Hawkins' second federal habeas petition. *Hawkins v. Lynaugh,* 844 F.2d 1132 (5th Cir.1988), *cert. denied* —— U.S. ——, 109 S.Ct. 247, 102 L.Ed.2d 236 (1988). *See also Hawkins v. State,* 660 S.W.2d 65 (Tex. Crim.App.1983).[1] We repeat a part of that description to assist our explanation here.

Hawkins was indicted for the capital murder of Abbe Hamilton by a Hutchinson County, Texas Grand Jury in June, 1977. After hearings on motions to suppress and the granting of a change of venue to Lubbock County, Texas, the state trial judge in Lubbock conducted a hearing on February 10, 1978 to determine Hawkins' competency to stand trial. At its conclusion, the state trial judge held that "there is no evidence before me sufficient to require a separate competency trial." On March 15, 1978, a jury convicted Hawkins of capital murder, and he was sentenced to death on March 17. On appeal, the Texas Court of Crimi-

Jim Mattox, Atty. Gen., Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Clifford L. Harrison, Houston, Tex., for petitioner-appellee.

1. Hawkins filed a federal habeas petition while his direct criminal appeal was pending. That petition was dismissed for failure to exhaust.

nal Appeals first ordered a remand to the trial court for a retroactive determination of Hawkins' competency at the time of his trial. Hawkins then, by pro se motion, asked that court not to consider the competency issue. On motion of the State, supported by Hawkins, the Court of Criminal Appeals withdrew its order of remand and affirmed the trial court. *Hawkins v. State*, 613 S.W.2d 720 (Tex.Crim.App.1981). Article 46.02, § 4(a) of the Texas Code of Criminal Procedure sets the requirements for a competency hearing. No such hearing has been held.

Hawkins did not file a petition for writ of certiorari from the United States Supreme Court, but filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Texas. On December 9, 1983, he requested that the state be enjoined from setting an execution date while his federal habeas application was pending, and the district court dismissed his application as premature without prejudice to his right to again urge the motion if an execution date was set. A stay of execution was subsequently entered on April 30, 1984.[2]

The habeas proceeding was initially stayed by the district court upon the State's request, pending resolution of *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); that stay was set aside on January 30, 1984. The State filed its answer and on February 6, 1984 requested an immediate evidentiary hearing to determine Hawkins' competency to proceed pro se.

Hawkins was subsequently ordered to undergo a 90–day psychiatric evaluation at the Maximum Security Unit of the Federal Prison in Springfield, Missouri. He moved for leave to appeal the district court's order, and this court denied his request on May 23, 1984. *Hawkins v. McKaskle*, No. 84–1384 (5th Cir. May 23, 1984).

On November 27, 1984, after Hawkins' return from Springfield, a federal magis-

trate held an evidentiary hearing on Hawkins' competency to prosecute his habeas claims without a lawyer. The magistrate found Hawkins to be competent, advised him of the hazards of representing himself, and relieved William Moss, his appointed counsel. The magistrate granted Hawkins leave to amend his petition and instructed him to raise all claims for relief under pain of waiver; Hawkins did not amend. The magistrate, and in turn the district court, denied habeas relief without an evidentiary hearing.

In his first appeal to this court, Hawkins asserted, and we rejected, four points of error:

1. The trial court erred in committing aggravated (sic) perjury, also committed with and agreed to by the State's Attorneys Steve Cross and Linda Walden, Defense Counsels (sic) Russell Busby and Gene Storrs.

2. The Trial Court erred in introducing the confession into evidence over Petitioner's objection and motion to suppress.

3. The Court erred in sentencing Petitioner to death because the evidence is insufficient to sustain the Jury's verdict.

4. The State did not prove the allegations in this case and they are left unproved.

Assisted by new counsel, Hawkins filed a second petition for a writ of habeas corpus with the 99th Judicial District Court of Lubbock County, Texas asserting seven claims for relief. The state trial judge denied the petition on December 8, 1988, filing findings of fact and conclusions of law. First, the trial court rejected Hawkins' challenge to the constitutionality of the Texas Capital Sentencing statute. Hawkins urged that the statute was deficient in not allowing evidence in mitigation of the death penalty, and relatedly, that the Texas Capital Sentencing procedure precluded his presentation of mitigating evi-

---

**2.** Under Tex. Code Crim.Proc.Ann. art. 42.04 (Vernon 1979), the statute in effect at the time of Hawkins' conviction, sentencing occurred after issuance of the mandate by the Texas Court of Criminal Appeals. The 99th Judicial District Court of Lubbock County, Texas did not sentence Hawkins until April, 1984.

dence. He argued that his long history of mental instability and difficult childhood could have been offered in mitigation, but that the jury had no instruction allowing their consideration of the evidence. To the contrary, pointing to our decision in *Penry v. Lynaugh*, 832 F.2d 915 (5th Cir.1987), *cert. granted,* — U.S. —, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988), he urged that such evidence in mitigation would have been harmful, because it would have supported an affirmative jury answer to the issue of future dangerousness. The trial court rejected these arguments for want of an objection at trial and for the reason that the psychiatric evidence in support of Hawkins' mental history was admitted at the guilt phase of the trial, and Hawkins has not suggested other mitigating evidence. Finally, the state trial judge rejected Hawkins' assertion of present incompetence, explaining that he had considered all the psychiatric evidence submitted at the time of Hawkins' trial, and considered an affidavit of Albert Dwarkin, a lawyer for Hawkins, expressing an opinion that Hawkins was presently incompetent, and had observed that Hawkins "was able to express himself lucidly and that he exhibited a full understanding that he is to be executed for the crime for which he was found guilty." The trial judge also rejected Hawkins' claim of incompetency to stand trial on the basis that Hawkins had waived that ground, pointing to the decision of the Texas Court of Criminal Appeals in *Hawkins v. State.* Then, the state trial judge rejected Hawkins' attacks on the voluntariness of his confession, concluding that the issue had been fully litigated in both state and federal courts. Finally, the court concluded that Hawkins had failed to establish the "prejudice" prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This holding seems to respond to the argument that any failure to preserve the present constitutional attack on the Texas system constituted ineffective assistance of counsel.

Thereafter, on December 9, 1988, the Texas Court of Criminal Appeals affirmed, without opinion, the state trial judge's denial of relief. Hawkins then moved for stay of execution and on December 9, 1988 filed a petition for habeas corpus in the United States District Court of the Northern District of Texas, with a simultaneously-filed "supplemental" petition for writ of habeas corpus. Both petitions requested an evidentiary hearing, a certificate of probable cause, and stay of execution.

In the petition, Hawkins made seven claims:

1. He should not be executed because he is presently incompetent;

2. Texas law provides no procedure for determining his present competency;

3. The Texas capital sentencing statute generally, and the jury instructions in this case specifically, do not provide for the consideration of mitigating evidence;

4. The statute precluded Hawkins from introducing mitigating evidence at his trial;

5. If the statute does in fact provide for the introduction of mitigating evidence, counsel was ineffective for not introducing any such evidence;

6. Hawkins was denied a jury determination of his competency to stand trial; and

7. His confession was involuntary.

## II

The district court rejected the State's contention that six of these seven claims should be dismissed for abuse of the writ under Rule 9, 28 U.S.C. foll. Sec. 2254. *See Jones v. Estelle*, 722 F.2d 159, 163 (5th Cir.1983) (en banc), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). Pointing to our decision in *Urdy v. McCotter*, 773 F.2d 652 (5th Cir.1985), the district court concluded that the state had not given Hawkins notice prerequisite to a defense of writ abuse. It then granted a stay of the execution scheduled for December 13, 1988, ordered the state to give "the required notice" and ordered Hawkins to reply before January 10, 1989. The district court did not reach the merits of Hawkins' petition or treat the issue of whether a certificate of probable cause should issue.

Although the district court's methods of dealing with the state's claim of writ abuse would be entirely proper in the usual habeas setting, it is not responsive to the particular circumstances of a successive writ application in a capital case filed four days [3] before a scheduled execution where literal compliance with its time requirements is not possible without, in effect, granting the relief sought. In that situation, the petitioner should immediately be given an opportunity to respond to the state's claim of writ abuse, either in writing or in oral argument, as time permits. If the issue is then fully developed and ripe for determination, such as it might be, for example, if the issue were solely one of law, it should be addressed by the district court at least in the absence of a determination that the petitioner is not entitled to habeas relief on the merits of the claims that he has raised. Cf. Johnson v. McCotter, 803 F.2d 830 (5th Cir.1986) (court's failure to provide notice was harmless error). We, therefore, remand the case to the district court so that it may follow that path.

■ We are not holding, however, that the state's assertion of writ abuse is without merit. We do not decide that issue, but leave it for decision by the district court. The state, at least implicitly, urges us to reach the merits of this appeal although the district court did not do so. As we explained, Hawkins contends that the Texas Capital Sentencing procedure and the jury instructions in this case did not allow the jury to consider evidence Hawkins presented at trial, and other evidence he might have presented. The argument is both that the Texas system fails to allow the jury to give effect to evidence of mitigation and chills its presentation when the mitigating evidence simultaneously proves future dangerousness. Hawkins supports this claim by substantial evidence of a checkered history of mental illness and a difficult childhood that either was or might have been adduced at trial. The state trial

judge concluded that this attack on the Texas system was never made at the time of trial and is barred for that reason. We have upheld the state's refusal to consider this Franklin–Penry attack in the absence of its preservation at trial. See Selvage v. Lynaugh, 823 F.2d 845 (5th Cir.1987). This much is clear. However, Hawkins makes the alternative argument that if the contentions are so barred, his trial counsel was ineffective in failing to preserve them for review. This argument presents substantial questions under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, assuming without deciding that the issue may now properly be raised for the first time and, in addition, that counsel was not functioning as the counsel guaranteed the defendant by the sixth amendment, there remains the question of prejudice. That is, the "second prong" of Strickland asks whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. 466 U.S. at 687, 104 S.Ct. at 2064. Arguably, much of the evidence could have found effect in the jury's answer to the question of deliberateness. See Franklin v. Lynaugh, — U.S. —, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988); Granviel v. Estelle, 655 F.2d 673, 675 (5th Cir.1981); Riles v. McCotter, 799 F.2d 947, 952–53 (5th Cir.1986). But, this point is not so clear. Justice O'Connor's opinion in Franklin explained:

If, however, petitioner had introduced mitigating evidence about his background or character or the circumstances of the crime that was not relevant to the special verdict questions, or that had relevance to the defendant's moral culpability beyond the scope of the special verdict questions, the jury instructions would have provided the jury with no vehicle for expressing its "reasoned moral response" to that evidence.

Franklin v. Lynaugh, — U.S. —, 108 S.Ct. 2320, 2333, 101 L.Ed.2d 155 (1988)

---

**3.** In noting that Hawkins' present petition for habeas relief was filed four days before the scheduled execution, we intimate no criticism of Hawkins or his lawyers. In fact, Hawkins' lawyers specifically asked the sentencing court to set the execution date at a time that would allow them adequate opportunity to study the record and brief the issues, a course which the sentencing court rejected.

(O'Connor, J., concurring). The jury may well have given effect to much, if not all, of Hawkins' evidence in its answer to the question of deliberateness. We describe this issue, not to decide it, but to explain why we decline to consider it for the first time on appeal, without the benefit of the United States District Court's judgment, a judgment that may well, but need not necessarily, follow an evidentiary hearing, if ordered by the district court.

In sum, we vacate the ruling below and return the case to the district court for its consideration of Hawkins' petition, including the state's assertion of writ abuse, and the merit of any claim not so barred. This inquiry into writ abuse should focus upon each of Hawkins' claims, including the claim that his counsel was ineffective in not preserving his arguments under *Franklin* and *Penry*. The district court should also consider the State's assertion that Hawkins' counsel have not represented that they are authorized to represent Hawkins. The stay of execution is left in place, and this case is remanded to the district court. Whether its stay should be continued is intertwined with its tasks on remand, and we leave that issue to its good judgment.

REMANDED.