**Samuel Christopher HAWKINS, Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellee.**

No. 88–1995.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1988.

Clifford L. Harrison, Houston, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Charles Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, KING and HIGGINBOTHAM, Circuit Judges.

**PER CURIAM:**

We remanded this case to the district court in a written opinion filed on the evening of December 10, 1988, 862 F.2d 482. The district court, on remand, filed on December 12, 1988 its order vacating the stay of execution, denying Hawkins' requested habeas relief, and refusing a certificate of probable cause. Hawkins' counsel now asks this court to stay his execution and to issue a certificate of probable cause.

On remand, the district court concluded that each of Hawkins' claims are foreclosed for the reason that they have either been previously fairly decided or should have been asserted in an earlier petition for a writ of habeas corpus. After deciding a threshold issue, we will turn to each of the claims, seriatim.

## I

### 1.

The state had argued that this court lacks jurisdiction because Cliff Harrison, the lawyer signing the petition, lacked authority to represent Hawkins. That argument has been withdrawn, and Harrison has stated that he held a power-of-attorney evidencing his authority to represent Hawkins.

### 2.

Hawkins makes two arguments relating to his competence. He first argues that the state denied him due process by subjecting him to trial without determining his competence. Hawkins' counsel also asserts that Hawkins is presently incompetent. Hawkins' argument rests on the assertion that Hawkins was not competent to request the Texas Court of Criminal Appeals to dispense with a competency hearing. We are pointed to no evidence suggesting that Hawkins was in fact incompetent at that time. The only evidence of record points in the opposite direction. Within months of withdrawal by the Texas Court of Criminal Appeals of its initial opinion, Hawkins was examined in a federal hospital in Springfield and found to be competent to represent himself in a hearing

in federal court. This argument is without merit.

The state sentencing judge, at its hearing on November 3, 1988 explicitly found that Hawkins was competent. He observed his demeanor and noted, as do we, that his statement made at the time of sentencing was lucid and demonstrated a full appreciation of his present circumstance. We, of course, accept this finding of fact because fairly supported by the record. 28 U.S.C. § 2254(d). The claim of present incompetency is without merit.

## II

■ Our procedure for the handling of death penalty cases requires that a petition to stay the enforcement of a state court judgment state whether or not the same plaintiff has previously sought relief arising out of the same matter from the same or from any other federal court. These rules explicitly state, and therefore put the habeas petitioner on notice, that a second or successive habeas petition may be dismissed if it fails to allege new or different grounds for relief or if the failure to assert those grounds in a prior petition constitutes an abuse of the writ. The rules further provide that, in any event, the district court should expedite consideration of any second or successive petition.

■ The Supreme Court has vacated the grant of a stay for abuse of the writ where the "application for a stay of execution and a new petition for habeas corpus relief [were] filed with no explanation as to why the claims were not raised earlier or why they were not all raised in one petition." *Woodard v. Hutchins*, 464 U.S. 377, 377–78, 104 S.Ct. 752, 753, 78 L.Ed.2d 541 (1984). This indicates that, in cases involving a stay of execution, the district court is not required to comply with the usual procedures of notice and opportunity to respond. A habeas petitioner is thus expected to submit a "Rule 9(b) response" at the time he files a second or successive federal habeas petition. If, thereafter, an evidentiary hearing is required, such hearing can be expedited. *See, e.g., Brogdon v. Butler*, 824 F.2d 338, 340 (5th Cir.1987).

In reviewing the grant of a stay by the district court which is appealed by the state on grounds of writ abuse, the court must consider petitioner's "likelihood of avoiding the state's charge of writ abuse." *Selvage v. Lynaugh*, 842 F.2d 89 (5th Cir.1988), *stay granted*, — U.S. —, 108 S.Ct. 1283, 99 L.Ed.2d 494 (1988). We consider this issue as necessary in connection with particular claims raised by Hawkins.

■ We now turn to those particular claims. First, Hawkins' attack on the voluntariness of his confession has been earlier decided by state and federal courts, and we are pointed to no reason to reach a different result. This claim is without merit.

■ As we pointed out in our order of December 10, Hawkins' *"Franklin–Penry"* attacks are foreclosed by the state's proper invocation of its contemporaneous objection rule. *Selvage v. Lynaugh*, 823 F.2d 845 (5th Cir.1987). *See also Adams v. State*, 577 S.W.2d 717, 729 (Tex.Ct.Crim.App.) (en banc 1979) (considering a *Franklin-Penry* claim made long before those cases reached the Supreme Court).

The only remaining issue then is whether Hawkins' present claims that his trial counsel was ineffective in not preserving his *Franklin–Penry* arguments are foreclosed because they should have been made in his earlier federal habeas petition.

■ We first consider the writ abuse problem described above. We are persuaded that responsible jurists may differ over the issue of whether Hawkins' present claim of ineffective assistance of counsel is barred by the doctrine for writ abuse. Had Hawkins been represented by counsel at all times during the collateral attack, the state's argument would seem compelling. *Jones v. Estelle*, 722 F.2d 159 (5th Cir.1983) (en banc). On the other hand, if Hawkins had at all times proceeded pro se in his collateral attack, Hawkins' argument that he should not be barred is strong. *Passman v. Blackburn*, 797 F.2d 1335 (5th Cir. 1986). Here Hawkins expressly waived counsel. We have not decided whether the

**490**

*Jones* or the *Passman* rule controls such circumstance. We, therefore, are not persuaded that the district court's denial of a stay and certificate of probable cause ought to be affirmed on the basis of writ abuse.

■ But, of course, the matter does not end here. Whether Hawkins is entitled to a stay and a certificate of probable cause rests upon the likelihood of his success upon his *Franklin–Penry* claims. For somewhat different reasons, each of us is persuaded that Hawkins' application for stay and certificate of probable cause on this issue must be denied.

ALVIN B. RUBIN and KING,
Circuit Judges, concurring:

Resolution of the group of issues referred to in the per curiam—the *Franklin-Penry-Selvage* issues—turns on the constitutionality of the Texas capital sentencing procedure, whether these issues can now be considered because they were not raised at trial, and whether trial counsel was ineffective in not doing so. Like Judge Higginbotham, we are uneasy in applying the law of the circuit rule in this capital case, but we are bound by prior precedent of this circuit and are, therefore, required to deny the application for a stay on these issues because, under this circuit's precedents, they are without arguable merit. The Supreme Court, however, has granted an application for a writ in *Penry v. Lynaugh,* 832 F.2d 915 (5th Cir.1987), *cert. granted* — U.S. —, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988); rendered an opinion in *Franklin v. Lynaugh,* — U.S. —, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988), in which the concurring opinion of Justices O'Connor and Blackmun is particularly relevant, 108 S.Ct. at 2332; and has granted a stay pending consideration of a writ application in *Selvage v. Lynaugh,* 842 F.2d 89 (5th Cir.1988), *stay granted,* — U.S. —, 108 S.Ct. 1283, 99 L.Ed.2d 494 (1988). The cumulative effect of these actions seems to us to undermine the continuing validity of the Fifth Circuit precedents and demonstrates that reasonable jurists might find both that the Supreme Court decisions in those cases would be dispositive of the

issues in this capital case and that a stay should be granted pending the outcome of those events. We, therefore, urge the Supreme Court to grant a stay pending its determination of *Penry* and the writ application in *Selvage.*

PATRICK E. HIGGINBOTHAM,
Circuit Judge, concurring:

The rule in this circuit is that the law of this circuit determines whether a stay of execution should be granted; that the grant of certiorari by the United States Supreme Court to review an issue settled in this circuit will not itself require a stay of execution and certificate of probable cause. In *Selvage,* I noted my unease with the fairness of that rule's application to the *Franklin-Penry* issue. Moreover, Justice O'Connor's concurring opinion in *Franklin* causes me to doubt further the wisdom of applying the rule to these issues.

Those concerns aside, I voted not to grant a stay in this case because Hawkins had made no showing that he can present any substantial evidence that cannot find expression in the jury's answer to the issue of deliberateness. It is plain that evidence of diminished responsibility can be considered by the jury in answering the deliberateness inquiry. We have so held. *See Granviel v. Estelle,* 655 F.2d 673, 675 (5th Cir.1981); *Riles v. McCotter,* 799 F.2d 947, 952–53 (5th Cir.1986); *Bell v. Lynaugh,* 858 F.2d 978, 985 (5th Cir.1988).

The evidence included the testimony of Dr. Hugh Pennal, a psychiatrist who saw Hawkins approximately ten times during the pretrial incarceration. Hawkins' history included a difficult early life. According to Dr. Pennal, Hawkins told of his father, a minister, who beat him "and instilled in him an intense hatred for white people, and even conveyed to him that the best way to get back at white people was through their women." Hawkins argues that Dr. Richard Wall, a clinical psychologist, offered testimony at trial that should have been considered in mitigation. Dr. Wall testified that he suffered from a serious mental disorder including delusions of blacks being oppressed; and that he had been chosen to

do something about it. These delusions persuaded Dr. Wall that Hawkins has at times been legally insane, although he could not express an opinion that Hawkins was insane at the time of the murder. Dr. Wall's report, it is asserted, explained that Hawkins had difficulty coping with his sex drive, coupled with an inability to tolerate anxiety. According to Dr. Wall, Hawkins suffered from a delusional system in which:

> Whites have oppressed the blacks for a long period of time just as the Egyptians oppressed the Jews. As in biblical times when God appointed prophets and others to gain the release of the Jews, so God has appointed some black people today to help gain the blacks release from white oppression. His attacks on the young lady in question was in his mind simply carrying out his assigned task as one of God's appointed. He remembers his father saying that the best way to get at the white man is through his women.

Finally, he argues, the circumstances of his confession, including his cooperation with police, were themselves mitigating facts that the jury was unable to give full effect to.

It may be that the Supreme Court will conclude that the issue of deliberateness allows a jury to give effect to less than the full, constitutionally required spectrum of mitigating factors. Once, however, the "mitigating" factors that can find expression under the issue of deliberateness are removed, Hawkins is left with so little evidence of "mitigation" that no responsible juror's judgment about the wisdom of capital punishment could have been influenced by the absence of explicit instruction that the jury could consider it in mitigation. We must insist on more before we block the solemn judgment of a state in a capital case.